IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN GREG GARDNER | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | JURY DEMANDED |
| UNIT TEXAS DRILLING, LLC | § | |
| and | § | JUDGE _____ |
| UNIT DRILLING COMPANY | § | |
| | § | |
| Defendants | § | |

## COMPLAINT

Comes now Plaintiff John Greg Gardner  who for his Complaint states as follows:

### I

### Preliminary Statement

1.     Plaintiff John Greg Gardner commences this action against Defendants Unit Texas Drilling, LLC and Unit Drilling Company pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*., which prohibits in relevant part employment discrimination based on race.  Plaintiff Gardner also commences this action pursuant to 42 U.S.C. §1981 which provides in relevant part that all persons shall have the same right to make and enforce contracts as is enjoyed by White persons.

2.     Specifically, Plaintiff Gardner alleges that Defendants' race based employment discrimination, including pervasive harassment and wrongful termination, violates Title VII and that Defendants'  refusal to make and enforce contracts with Plaintiff Gardner on the same basis as White persons violates 42 U.S.C. §1981.

1

3.      Plaintiff Gardner seeks back pay, front pay, reinstatement, compensatory damages, and punitive damages together with a reasonable attorney fee as authorized by 42 U.S.C. §2000e-5(k) and 42 U.S.C. §1988.

## II

## Jurisdiction

4.   Jurisdiction over Plaintiff Gardner's Title VII claim is conferred on this Court by 42 U.S.C. §2000e-5(f)(3).

5.   Jurisdiction over Plaintiff Gardner's 42 U.S.C. §1981 claim  is conferred on this Court by 28 U.S.C. §1343(3) and 28 U.S.C. §1343(4).

6.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

## III

## Parties

### Plaintiff

7.   Plaintiff John Greg Gardner is an African-American citizen of the United States and a resident of Polk County, Texas.

### Defendant

8.   Defendant Unit Texas Drilling, LLC is a corporation or other business entity doing business throughout the Eastern District of Texas , including Marshall, Texas where Plaintiff Gardner worked on a rig.  Defendant Unit Texas Drilling, LLC can be served through its agent for process:        Corporations Service Company,
701 Brazos, Suite 1050
Austin, TX 78701

9.   Defendant Unit Drilling Company is a corporation or other business entity doing business throughout the Eastern District of Texas, including Marshall, Texas where Plaintiff Gardner worked on a rig.  Defendant Unit Drilling Company can be served through its

agent for process:          The Prentice' Hall Corporation System
                            701 Brazos, Suite 1050
                            Austin, TX 78701

## IV

## Procedural History

10.  Plaintiff Gardner timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereafter EEOC) on or about December 14, 2007 and the EEOC issued a Right-to-Sue letter on December 18, 2008.

## V

## Facts

## Background

11.    Plaintiff Gardner was a good and faithful employee of Defendants  Unit Texas Drilling, LLC and Unit Drilling Company at all times relevant hereto and was the only African-American working on a rig in Marshall, Texas at the time he was fired.

12.    Defendant Unit Texas Drilling, LLC  has had 15 or more employees for 20 or more weeks for both the preceding and current calendar years.  If fact Defendant Unit Texas Drilling, LLC has had hundreds of employees at all times relevant hereto.

13.    Defendant Unit Drilling Company has had 15 or more employees for 20 or more weeks for both the preceding and current calendar years.  If fact Defendant Unit Drilling Company has had hundreds of employees at all times relevant hereto.

14.    Plaintiff Gardner was an employee of Defendants Unit Texas Drilling, LLC and Unit Drilling Company as that term is defined by Title VII at all times relevant hereto.

15.    Plaintiff Gardner previously worked for Defendants Unit Texas Drilling, LLC and Unit Drilling Company for a few months in 2002 before he took a leave of absence for knee surgery.

**What Happened**

16.    Plaintiff returned to work as a Motorman on or about December 10, 2006 and was later promoted to Assistant Driller.

17.    Plaintiff Gardner was demoted to Floor Hand on or about July 8, 2007 so that his supervisor could hire a White friend.

18.    Plaintiff Gardner's pay was cut drastically when he was demoted.  However, he continued to work rather than quit until he was fired on November 28, 2007.

19.    Plaintiff Gardner was subjected to a steady barrage of racist comments during the time that he worked at the Marshall rig in November of 2007.  For example,  Tool Pusher/Supervisor Bobby Lovett repeatedly referred to Plaintiff Gardner as a "typical blue gum"; Motorman David Burris repeatedly called Plaintiff Gardner a "coon" and "good ole boy"and Driller Como repeatedly called Plaintiff Gardner a "nigger" and bragged that "I got that nigger fired.".

20.    Tool Pusher/Supervisor Bobby Lovett bragged that Plaintiff Gardner had been blackballed and would never work again after Plaintiff Gardner was terminated. Tool Pusher/Supervisor Lovett also made Plaintiff Gardner pick up the cigarette butts when the safety man came to visit the rig in November despite the fact that he knew Plaintiff Gardner was not the person that had thrown any of the cigarette on the floor.

4

21.     Plaintiff Gardner complained about the unfair treatment and racial harassment.

22.     Plaintiff Gardner was demoted because of his race.

23.     Plaintiff Gardner was fired because of his race.

24.     Plaintiff Gardner was fired in retaliation for complaining about the racial harassment and unfair treatment.

**Damages**

25.     Defendants' acts and omissions set out above are the proximate cause of Plaintiff Gardner's damages including lost income, humiliation, embarrassment, emotional distress, mental pain and suffering and damage to his reputation.

26.     All of the foregoing losses and damages are continuing in nature.

27.     Defendants' wrongful acts and omissions described above were willful, wanton, intentional, reckless, and malicious rendering appropriate the award of punitive damages.

**VI**

**Causes of Action**

**First Cause of Action**

28.     Defendants  Unit Texas Drilling, LLC and Unit Drilling Company's acts and omissions as set out above amount to violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*. Therefore, Plaintiff Gardner is entitled to equitable relief, compensatory damages, punitive damages and a reasonable attorney fee as authorized by 42 U.S.C. §2000e-5(k).

**Second Cause of Action**

29.     Defendants Unit Texas Drilling, LLC and Unit Drilling Company's acts and omissions as set out above amount to violations of 42 U.S.C. §1981.  Therefore, Plaintiff Gardner is

entitled to equitable relief, compensatory damages, punitive damages and a reasonable attorney fee as authorized by 42 U.S.C. §1988.

### VII

### Jury Demand

30.     Plaintiff Gardner demands a trial by jury on all issues so triable.

WHEREFORE PLAINTIFF PRAYS that this Honorable Court:

a.     Enter judgment against Defendant Unit Texas Drilling, LLC in behalf of Plaintiff John Greg Gardner for equitable relief including back-pay and front pay;

b.     Enter judgment against Defendant Unit Drilling Company in behalf of Plaintiff John Greg Gardner for equitable relief including back-pay and front pay;

c.     Enter judgment for compensatory damages against Defendant  Unit Texas Drilling, LLC in behalf of Plaintiff John Greg Gardner in excess of the minimum jurisdictional limits of this Court;

d.     Enter judgment for compensatory damages against Defendant  Unit Drilling Company in behalf of Plaintiff John Greg Gardner in excess of the minimum jurisdictional limits of this Court;

e.     Enter judgment for punitive damages against Defendant  Unit Texas Drilling, LLC in behalf of Plaintiff John Greg Gardner in excess of the minimum jurisdictional limits of this Court;

f.     Enter judgment for punitive damages against Defendant  Unit Drilling Company in behalf of Plaintiff John Greg Gardner in excess of the minimum jurisdictional limits of this Court;

g.     Grant Plaintiff John Greg Gardner a trial by jury on all issues so triable; and

h.     Grant Plaintiff John Greg Gardner any and all additional relief to which he may appear to be entitled including pre-judgment interest, post-judgment interest, his costs herein expended, and statutory attorney fees.

Respectfully Submitted,

/s/ *Curtis B. Stuckey*
Curtis B. Stuckey
Attorney in Charge for Plaintiff Gardner
Bar Card No. 19437300

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 FAX: 560-9578